Juan Carlos ADRIAZOLA CASAS, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76767.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin A. Cabral, Esq., Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, LEAVY and TASHIMA, Circuit Judges.

### MEMORANDUM **

Juan Carlos Adriazola Casas, a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's interpretation of purely legal questions. *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review for substantial evidence the BIA's findings of fact. *Id.* We deny the petition for review.

Substantial evidence supports the BIA's finding that Adriazola Casas did not suffer past persecution on account of a protected ground. A reasonable fact-finder would not be compelled to find that the rock-throwing incident and the hit-and-run accident were motivated by Adriazola Casas' political opinion or sexual orientation, *see Navas v. INS,* 217 F.3d 646, 656–57 (9th Cir.2000), or that the threats and harassment that Adriazola Casas faced rose to the level of persecution, *see Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000).

Substantial evidence also supports the BIA's finding that Adriazola Casas does not have an objectively well-founded fear of persecution by the government or by a group that the government is unwilling or unable to control. As Adriazola Casas admitted at his hearing, Fujimori's party is no longer in power in Peru. There is no evidence that would compel a reasonable factfinder to conclude that the current government is unwilling or unable to control acts of harassment or violence by members of the discredited former government. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

Because Adriazola Casas is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

To the extent that Adriazola Casas raises a CAT claim, substantial evidence supports the IJ's denial of CAT relief. Adriazola Casas failed to demonstrate that it is more likely than not that he will be tortured if removed to Peru. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.